IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PYRAMID DIVERSIFIED SERVICES, INC.,
d/b/a SIMPLE HR,

    Plaintiff,

v.                                        CASE NO.:   3:08cv445/MCR/MD

PROVIDENCE PROPERTY & CASUALTY
INSURANCE COMPANY, and PACA, INC.,

    Defendants.
_____/

**O R D E R**

Pending is Defendant, Providence Property & Casualty Insurance Company's Motion to Transfer Venue of this action to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a) based on a forum selection clause contained in the most recent contract between plaintiff and defendant. No party has filed an objection to transfer.

Forum selection clauses are enforceable by federal courts. See *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Federal law, rather than state law, governs the determination of whether to enforce a forum selection clause in a diversity jurisdiction case. *P&S Business Machines, Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003). Such clauses will be enforced so long as enforcement would not be unreasonable or unjust and the clause was not the product of fraud or overreaching. *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985) (per curiam) (citing *M/S Bremen*, 407 U.S. at 15). Forum selection clauses are interpreted according to ordinary contract principles. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271–72 (11th Cir. 2004); *Snapper, Inc. v. Redan*, 171 F.3d 1249,1260–61. (11th Cir. 1999).

Only forum selection clauses which "unambiguously designate the forum in which the parties must enforce their rights under the contract will be enforced." *J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F.Supp.2d 1258, 1268 (M.D.Fla. 2007) (citations omitted). Even then courts in the Eleventh Circuit will enforce a forum selection only in cases where the forum selection clause mandates that litigation take place in a particular forum, to the exclusion of another forum. *See Stateline Power Corp. v. Kremer*, 148 Fed. App'x. 770, 771–72 (11th Cir. 2005). Forum selection clauses are generally considered either mandatory, in which there is a clear, unequivocal expression of the parties' intent to exclusively limit the forum to a particular venue or court, or permissive, in which there is no clear expression of exclusivity but rather an understanding that the parties have consented to venue or jurisdiction in a particular forum. *See Global Satellite*, 378 F.3d at 1272.

On review of the forum selection clause at issue, the court finds the clause mandatory rather than permissive. It reads, "The parties agree that any legal action, suit or proceeding relating to this Agreement or the transactions contemplated hereby, shall be instituted in a federal or state court sitting in Oklahoma County, Oklahoma, which shall be the exclusive jurisdiction and venue of said legal proceedings. This clause unambiguously demands that litigation take place only in Oklahoma County, Oklahoma. The court further concludes that this action might have been brought in the Western District of Oklahoma and that the balance of §1404(a) interests favors transfer to that forum.

Accordingly, Defendant Providence Property & Casualty Insurance Company's motion to transfer venue motion (doc. 59), is GRANTED. Defendant's Motion to Dismiss for lack of jurisdiction and failure to join an indispensable party when joinder is not feasible (docs. 56, 58) are DENIED as moot. The clerk shall transfer this case to the United States District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. § 1404(a).

**DONE AND ORDERED** this 10th day of June, 2009.

                           s/ *M. Casey Rodgers*
                           **M. CASEY RODGERS**
                           **UNITED STATES DISTRICT JUDGE**

Case No.: 3:08cv445/MCR/MD